UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
JUL 11 2008
CLERK

| | | |
|---|---|---|
| SHERMAN THOVSON, | ) | CIV. 07-5086-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Sherman Thovson (Thovson) seeks judicial review of the Commissioner's final decision denying his application for benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

Thovson was born on July 17, 1957. AR 365. At the time of the evidentiary hearing, he was approximately 49 years old. AR 14. Thovson had received a college degree in mass communication. AR 14. Previous to his application, he had served in the military. AR 80. During his service, his right knee was injured. AR 387. As a result, Thovson currently receives disability benefits from the Veterans' Administration. AR 387.

On April 24, 2006, Thovson filed an application for disability and supplemental security benefits. AR 11. His application for benefits alleged a

disability onset date of March 1, 2002. AR 17. Thovson alleged that he suffered from osteoarthritis of the right knee, obesity, diabetes mellitus, and several mental impairments, including depression and bipolar disorder. AR 15. His application was denied both initially and upon reconsideration. AR 11. Thovson then requested a hearing before an administrative law judge (ALJ). AR 11. That hearing was held on November 28, 2006. AR 11. At the hearing, Thovson was represented by counsel. AR 11. The ALJ heard testimony from both Thovson as well as a vocational expert. AR 11.

Upon reviewing the record and taking the testimony, the ALJ determined that Thovson had engaged in substantial gainful activity after the alleged onset date of March 1, 2002, until September of 2005. AR 14. As a result, Thovson was ineligible for benefits during that period of time. AR 14. The ALJ next determined that Thovson suffers from the severe impairments of osteoarthritis of the right knee, obesity, and diabetes mellitus, but does not suffer from any severe mental impairments. AR 15. In determining that Thovson does not suffer from severe mental impairments, the ALJ noted that Thovson had not sought treatment for his alleged mental impairments for approximately one year and that he was still able to perform a number of activities of daily living. AR 15-20. As a result, the ALJ found that Thovson's complaints were not credible. AR 20.

The ALJ next determined that Thovson did not have an impairment or combination of impairments which met any of the listed impairments. AR 21. The ALJ then found that Thovson had the residual functional capacity (RFC) to lift or carry up to 20 pounds occasionally, and 10 pounds frequently, and to sit or stand approximately 6 hours of an 8-hour day. AR 21. Based upon this RFC, the vocational expert testified, and the ALJ subsequently found, that Thovson could perform his past relevant work of jewelry polisher, sales clerk, telemarketer, or grinding machine operator. AR 22. As a result, the ALJ found that Thovson was not disabled. AR 23.

Thovson appeals this determination alleging that the ALJ erred in determining that Thovson does not suffer from a severe mental impairment, in finding Thovson's complaints of mental impairments to be incredible, and in rejecting the opinion of Thovson's treating physician.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullins v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the

conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836

4

(8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith v. Shalala, 987 F.2d at 1374.

## DISCUSSION

Thovson first contends that the ALJ's credibility determination is not supported by substantial evidence. The ALJ determined that Thovson's daily activities, as a whole, were not significantly limited by any mental impairments. AR 15. Furthermore, Thovson was not seeking regular treatment from a mental health professional. AR 20. Finally, while the ALJ noted that Thovson's medical records indicate "a medical determinable impairment for bipolar disorder," the records did not evidence a *severe* impairment. AR 18.

There is no question that Thovson suffers from mental impairments. The Court, however, cannot reverse a determination by the ALJ merely because evidence supports the opposite determination or because the Court would have concluded otherwise. In fact, deference is to be given to the ALJ's determination of credibility. See Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). As a result, despite evidence that Thovson suffers from mental impairments, substantial evidence in the record

supports the ALJ's conclusions that such impairments are not severe and that Thovson's subjective complaints regarding his mental impairments are not credible.

Thovson also contends that the ALJ erred by failing to give proper weight to the opinion of his treating physician, Dr. Kaushalya Kumar. When determining the weight to give a medical opinion, an ALJ is to consider the examining relationship, the treatment relationship, the support for the medical source's opinion, the consistency of the opinion, and whether the source is a specialist. See 20 C.F.R. § 404.1527(d). The regulations also provide that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(i). Furthermore, the regulations provide that the administration "will always give good reasons in [the] notice of determination or decision for the weight [given to a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

After reviewing the record as a whole and Dr. Kumar's opinion, the ALJ determined that the objective medical evidence did not support Dr. Kumar's conclusions. AR 20. Moreover, Dr. Kumar had just begun her treatment of Thovson and had only examined Thovson twice at the time of the hearing. AR 20. Based upon these factors, the ALJ determined that Dr. Kumar's opinion was not entitled to great weight. The Court finds that the ALJ's determination is in accordance with the regulations and supported by substantial evidence.

Thovson also contends that the ALJ erred in determining that Thovson did not meet the listing for his bipolar disorder and anxiety disorder. Thovson also argues that the ALJ erred in failing to include his mental conditions in the RFC. Having determined that the ALJ properly considered Thovson's treating physician's opinion and properly determined that Thovson's mental impairments were not severe, the Court need not address these contentions.

## CONCLUSION

As stated previously, the Court cannot reverse the decision of the ALJ merely because there is evidence supporting the opposite. Having reviewed the arguments of the parties and the record in its entirety, the Court concludes that substantial evidence supports the decision of the ALJ. Accordingly, it is hereby

ORDERED that the motion to reverse (Docket #1) is denied.

Dated this 11th day of July, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE